# IN THE DISTRICT COURT OF THE UNITED STATES
## For the Western District of New York

_____

MAY 2011 GRAND JURY
(Impaneled 5/06/11)

**THE UNITED STATES OF AMERICA**

**-*vs*-**

**EFRAIN HIDALGO a/k/a Cheko [1]**
    **(Counts 1-25, 30-36),**
**THOMAS RODRIGUEZ [2]**
    **(Counts 24, 25),**
**KASIEM WILLIAMS [3]**
    **(Counts 1-16, 24, 25, 33),**
**ESTEBAN RAMOS-CRUZ a/k/a
Rudolfo [4]**
    **(Counts 1, 4, 5, 24, 25, 30, 33),**
**JORDAN HIDALGO [5]**
    **(Counts 1,4, 5, 23-25, 30, 33),**
**JUAN TORRES a/k/a Puchungo [6]**
    **(Counts 1, 4, 5, 24, 25),**
**SAMMY ORTIZ a/k/a Machito [7]**
    **(Counts 1, 24-26, 29),**
**JASON DRYZMALA a/k/a Drizz [8]**
    **(Counts 24, 25, 33),**
**JOSEPH WHITELY a/k/a Joe
Black [9]**
    **(Counts 1, 24, 25),**
**UDA HIDALGO a/k/a Urayoan
Ground [10]**
    **(Counts 1, 4, 5, 24, 25),**
**RITCHIE JUARBE a/k/a Ghost [11]**
    **(Counts 1-5, 24, 25, 31-33),**

**SUPERSEDING
INDICTMENT**

**11-CR-151-A**

**Violations**:

Title 21, United States Code, Sections
841(a)(1), 846, and 856(a)(1);
Title 18, United States Code, Sections 1951,
1959(a)(1), 1959(a)(3), 1959(a)(5),
924(c)(1), 924(c)(1)(A)(iii), 924(j), and 2

(36 Counts and Forfeiture Allegation)

**CECILIO MEDINA a/k/a Kano [12]**
    **(Counts 1, 24, 25, 32),**
**BRITTANY GROUND [13]**
    **(Counts 1, 14-16, 24, 25),**
**CARMEN GETER [14]**
    **(Counts 1, 24, 25),**
**ALEJANDRO NAVARRO-**
**GONZALEZ a/k/a Matatan [15]**
    **(Counts 24, 25),**
**LUIS MEDINA a/k/a Pote [16]**
    **(Counts 1, 24, 25, 27, 28),**
**LESLIE CUNNINGHAM a/k/a**
**Umar [17]**
    **(Counts 19-22),**
**DAVID TIRADO [18]**
    **(Counts 1, 23-25)**

## The Grand Jury Charges That:

### INTRODUCTION

### The Enterprise

1.   At various times relevant to this Superseding Indictment, the defendants, EFRAIN HIDALGO a/k/a Cheko, KASIEM WILLIAMS, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, JORDAN HIDALGO, JUAN TORRES a/k/a Puchungo, SAMMY ORTIZ a/k/a Machito, JOSEPH WHITELY a/k/a Joe Black, UDA HIDALGO a/k/a Urayoan Ground, RITCHIE JUARBE a/k/a Ghost, CECILIO MEDINA a/k/a Kano, BRITTANY GROUND, CARMEN GETER, LUIS MEDINA a/k/a Pote, DAVID TIRADO, and others known and unknown, were members and associates of a criminal organization known as

Cheko's Crew (formerly Puerto Rican Dynasty or PRD) and the 7th Street Gang, whose members and associates engaged in acts of violence, including, among other things, murder, conspiracy to commit murder, attempted murder, robbery, and conspiracy to distribute in narcotics, and narcotics distribution, and which operated principally in the West Side of Buffalo, New York.

2. Cheko's Crew and the 7th Street Gang, including its members and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. This enterprise was engaged in and its activities affected interstate and foreign commerce.

**Background of Cheko's Crew/7[th] Street Gang Enterprise**

3. Cheko's Crew formed in the early 2000s and initially consisted of friends and family members of the defendant EFRAIN HIDALGO a/k/a Cheko. Cheko's Crew, which initially called itself Puerto Rican Dynasty, was involved in the distribution of controlled substances, including heroin, cocaine, and marijuana, and operated in the vicinity of 7th Street, Busti Avenue, Maryland

Street, Virginia Street, Pennsylvania Street, and other locations west of Niagara Street, on the West Side of Buffalo, New York. The Cheko's Crew/7th Street Gang enterprise also maintained associates in other areas of the City of Buffalo and its suburbs.

4.    The 7th Street Gang, also called the 7th Street MOB, also formed in the early 2000s and consisted of friends and family members of the defendant SAMMY ORTIZ a/k/a Machito. The 7th Street Gang was involved in the distribution of controlled substances, including heroin, cocaine, and marijuana, and operated in the vicinity of 7th Street, Busti Avenue, Maryland Street, Virginia Street, Pennsylvania Street, and other locations west of Niagara Street, on the West Side of Buffalo, New York. The 7th Street Gang sold controlled substances and sought to control drug territory on 7th Street and the surrounding streets.

5.    7th Street Gang members generally identified one another through familial relationships, growing up together in the vicinity of 7th Street, the use of hand gestures, or gang "signs" wherein they typically displayed their thumb and middle finger in the form of a "7," and also by tattoos depicting the letters "M-O-B." Gang names and slogans were also used to identify members and territory controlled by the gang.

6.     The 7th Street Gang also used spray-painted "tagging" to demonstrate its control of its neighborhood to rival gang members and the local community.  Gang "tagging" frequently appeared on street signs, walls, buildings, and pavement in areas controlled by the gang.  Members also often used the number "7" and "7th Street MOB" in various forms of tagging to identify territory controlled by the gang.  7th Street Gang members and associates further demonstrated their membership and association by posting references to 7th Street on social networking websites such as MYSPACE.

7.     In the early 2000s, Cheko's Crew and the 7th Street Gang formed an alliance based upon friend and familial associations, close physical proximity to one another, and due to their shared rivalry with the 10th Street Gang.  Cheko's Crew leader defendant EFRAIN HIDALGO a/k/a Cheko and 7th Street Gang leader defendant SAMMY ORTIZ a/k/a Machito grew up in the same neighborhood and were close friends.  Members and associates of the Cheko's Crew/7th Street Gang enterprise worked together distributing controlled substances on the West Side of Buffalo, New York, and defended its drug territory west of Niagara Street against rival gangs and drug dealers, including the rival 10th Street Gang.

8.     Cheko's Crew leader, defendant EFRAIN HIDALGO a/k/a Cheko, also supplied members of the 7th Street Gang with controlled

substances to distribute, including heroin, and obtained firearms for members of the 7th Street Gang.

9.   The Cheko's Crew/7th Street Gang enterprise was continually engaged in the distribution of heroin, cocaine, marijuana, and other controlled substances.  Typically, senior gang members obtained narcotic drugs and controlled the distribution of narcotic drugs by providing "street-level" distribution amounts (typically a few grams at a time) to numerous gang members and associates in the areas controlled by the gang.  Senior members of the Cheko's Crew/7th Street Gang enterprise also frequently set up drug "spots" and/or rented apartments for other members of the gang to distribute narcotic drugs.  Drug spots and stash houses were maintained in various locations on the West Side of Buffalo, and in other areas of Buffalo, and its suburbs.  Drug spots and stash locations were frequently changed and/or rotated in order to conceal such locations from law enforcement, and from rival gangs and drug dealers.

10.  In order to enforce the authority of the gang, the Cheko's Crew/7th Street Gang enterprise members maintained a ready supply of firearms, including handguns, shotguns, and semi-automatic rifles.  Weapons were sold to others, or otherwise

discarded, after having been used to commit acts of violence on behalf of the organization.

11.   The Cheko's Crew/7[th] Street Gang enterprise members further enforced the authority of the gang to commit its crimes by directing acts of violence and retaliation against non-compliant drug-traffickers and rival gang members, as well as non-compliant members.   The Cheko's Crew/7[th] Street Gang enterprise members also threatened witnesses whom they suspected might testify or provide information to law enforcement about the crimes committed by the gang.

12.   The Cheko's Crew/7[th] Street Gang enterprise recruited younger members, including juveniles, to join the gang and directed them to commit acts of violence and drug trafficking crimes on behalf of the gang.   New members frequently were recruited through friend or familial association with a current or former gang member.

13.   Female associates played a vital role in the Cheko's Crew/7[th] Street Gang enterprise and its operations.   Among other things, female associates frequently conducted narcotics trafficking, stored narcotics and weapons, and maintained cellular telephones.   Female associates also played an integral role in

7

directing and maintaining communications within the organization, in particular communications with incarcerated gang members and other members of the organization, as well as in the collection of money from gang members for the incarcerated gang members.

14.   Members and associates of the Cheko's Crew/7[th] Street Gang enterprise also committed acts of violence against rival gang members and associates, including members and associates of the 10th Street Gang, and against rival drug dealers.

## Purposes of the Enterprise

15.   The principal purposes and objectives of the Cheko's Crew/7[th] Street Gang enterprise was to control territory on the West Side of Buffalo, distribute controlled substances, obtain money and things of value, and earn and maintain respect in the neighborhood. To achieve those purposes and objectives, members of the enterprise committed acts involving murder, threatened to commit acts of violence, and trafficked in controlled substances.   The enterprise and its members also sought to:

a.   Enrich members and associates of the Cheko's Crew/7[th] Street Gang enterprise through, among other things, distribution of controlled substances, including heroin, cocaine and marijuana.

8

b.    Preserve and protect the power, territory, and profits of the enterprise through the use of intimidation, violence, threats of violence, and acts involving murder.

c.    Promote and enhance the enterprise and its members' and associates' activities.

d.    Keep victims and witnesses in fear of the enterprise and in fear of its members and associates through threats of violence.

e.    Prevent and retaliate against acts of violence perpetrated against the enterprise, its members, and their associates.

f.    Commit acts of violence against members and associates of a rival gang known as the 10th Street Gang, as well as other rivals, and to retaliate against acts of violence perpetrated against the enterprise, its members and associates, by 10th Street Gang members and associates, and other rivals.

9

## Roles of the Defendants

16.   The   defendants   participated   in   the   operation   and management   of   the   enterprise.   The   roles   of   the   defendants included, but were not limited to, the following:

a.   The defendants, EFRAIN HIDALGO a/k/a Cheko, KASIEM WILLIAMS, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, JORDAN HIDALGO, JUAN TORRES a/k/a Puchungo, SAMMY ORTIZ a/k/a Machito, JOSEPH WHITELY a/k/a Joe Black, UDA HIDALGO a/k/a Urayoan Ground, RITCHIE JUARBE a/k/a Ghost, CECILIO MEDINA a/k/a Kano, BRITTANY GROUND, CARMEN GETER, LUIS MEDINA a/k/a Pote, and DAVID TIRADO, were a coalition who both participated in and directed other associates to carry out unlawful and other activities in furtherance of the conduct of the enterprise's affairs.   The defendants also recruited fellow gang members and associates to assist in and carry out unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

b.   The defendants, EFRAIN HIDALGO a/k/a Cheko, SAMMY ORTIZ a/k/a Machito, and LUIS MEDINA, a/k/a Pote, maintained leadership positions within the Cheko's Crew/7th Street Gang enterprise, whereby they directed and solicited other members of

the gang to participate in unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

## **Means and Methods**

17.   Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

a.   Members of the enterprise and their associates agreed to distribute and distributed quantities of heroin, cocaine, and marijuana.

b.   Members of the enterprise and their associates agreed, planned and conspired to commit acts of violence and shootings, including acts involving murder, against 10th Street Gang members, associates, and other individuals, and rival gang members involved in the distribution of controlled substances on the West Side of Buffalo, New York.

c.   Members of the enterprise and their associates used, carried, and possessed firearms.

d.    Members  of  the  enterprise  and  their  associates agreed, planned and conspired to commit acts involving robbery from rival  drug  dealers,  and  other  individuals  involved  in  the distribution of controlled substances, of U.S. currency, controlled substances, and other items of value.

e.    Members  of  the  enterprise  and  their  associates represented themselves to be and identified themselves as gang members of Cheko's Crew and/or the 7th Street Gang in order to intimidate victims and rivals, and in order to enhance their street credibility to control the distribution of controlled substances on the West Side of Buffalo.

f.    Members  of  the  enterprise  and  their  associates promoted  a  climate  of  fear  through  violence  and  threats  of violence.

## COUNT 1

### (RICO Conspiracy)

### The Grand Jury Charges That:

1.    Paragraphs  1  through  17  of  the  Introduction  are  re-alleged  and  incorporated  by  reference  as  though  fully  set  forth herein.

2.    Beginning in or before 2000, and continuing to in or about 2012, the exact dates being unknown to the Grand Jury, in the Western District of New York, and elsewhere, the defendants, EFRAIN HIDALGO a/k/a Cheko, KASIEM WILLIAMS, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, JORDAN HIDALGO, JUAN TORRES a/k/a Puchungo, SAMMY ORTIZ a/k/a Machito, JOSEPH WHITELY a/k/a Joe Black, UDA HIDALGO a/k/a Urayoan Ground, RITCHIE JUARBE a/k/a Ghost, CECILIO MEDINA a/k/a Kano, BRITTANY GROUND, CARMEN GETER, LUIS MEDINA a/k/a Pote, DAVID TIRADO, and others, being persons employed by, and associated with the Cheko's Crew/7th Street Gang enterprise, which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully and knowingly combined, conspired, confederated, and agreed together and with others known and unknown to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple acts involving murder, in violation of New York Penal Law Sections 125.25, 110, 105, and 20; robbery, in violation of New York Penal Law Sections 160, 110, and 20; and conspiracy to distribute, distribution of, and use of premises to distribute, controlled substances, including cocaine, heroin, and marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 856(a)(1), and 846; and acts

indictable under Title 18, United States Code, Section 1512 (witness tampering). It was a further part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

A. **MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED**

The objects of the conspiracy were to be accomplished in substance as follows:

1. Members of the enterprise and their associates agreed to distribute and distributed quantities of heroin, cocaine, marijuana, and other controlled substances.

2. Members of the enterprise and their associates agreed, planned and conspired to commit acts of violence and shootings, including acts involving murder, against rival gang members, associates of rival gang members, and other individuals and other persons involved in the distribution of controlled substances on the West Side of Buffalo, New York.

3. Members of the enterprise and their associates used, carried, and possessed firearms.

4.    Members of the enterprise and their associates promoted a climate of fear through violence and threats of violence.

## B.    **OVERT ACTS**

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, the defendants, EFRAIN HIDALGO a/k/a Cheko, KASIEM WILLIAMS, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, JORDAN HIDALGO, JUAN TORRES a/k/a Puchungo, SAMMY ORTIZ a/k/a Machito, JOSEPH WHITELY a/k/a Joe Black, UDA HIDALGO a/k/a Urayoan Ground, RITCHIE JUARBE a/k/a Ghost, CECILIO MEDINA a/k/a Kano, BRITTANY GROUND, CARMEN GETER, LUIS MEDINA a/k/a Pote, DAVID TIRADO, and others, known and unknown, committed various overt acts, on or about the following times and dates, within the Western District of New York and elsewhere, including, but not limited to, the following:

1.    On or about February 17, 2005, defendant EFRAIN HIDALGO a/k/a Cheko operated a 1994 GMC Manitoba, New York registration EBL-749 with defendant SAMMY ORTIZ a/k/a Machito in the front passenger seat, and the defendants possessed a quantity of cocaine.

2.    On or about April 2, 2007, defendant EFRAIN HIDALGO a/k/a Cheko operated a 1998 Chevy Malibu with improper license plates and

without registration, and possessed a taser, two bags of marijuana, and a pocket knife.

3.    On or about November 29, 2008, defendants CECILIO MEDINA a/k/a Kano and RITCHIE JUARBE a/k/a Ghost, along with a juvenile, possessed, at 34 Chenango Street, Buffalo, New York, approximately 132 bags (13 bundles) of heroin.  Defendant MEDINA also possessed a black digital scale in his pants pockets, and numerous white glassine envelopes.

4.    On or about February 20, 2009, defendant RITCHIE JUARBE a/k/a Ghost, while inside a white 1998 Toyota, New York registration EFS-2447, at the intersection of Hertel Avenue and Niagara Street in Buffalo, New York, possessed marijuana, a 12-gauge High Standard shotgun, bearing serial number 3179188, and 17 shotgun shells.

5.    On or before May 19, 2009, defendant EFRAIN HIDALGO a/k/a Cheko directed Cheko's Crew/7th Street Gang member Anthony Colon a/k/a Ace (now deceased) to forcibly steal the gold chain of rival 10th Street Gang member Edwin Rivera a/k/a Pun a/k/a Juni, and to provide the gold chain to defendant EFRAIN HIDALGO, as repayment for damage Anthony Colon caused when he crashed a Lincoln Towne Car which belonged to defendant EFRAIN HIDALGO.

16

6.    On or about May 19, 2009, (now-deceased) Cheko's Crew/7[th] Street Gang member Anthony Colon a/k/a Ace, acting on the orders of defendant EFRAIN HIDALGO described in ¶5 above, attempted to forcibly steal the gold chain of rival 10th Street Gang member Edwin Rivera a/k/a Pun a/k/a Juni, and, in doing so, shot rival 10th Street Gang member Edwin Rivera a/k/a Pun a/k/a Juni, in the neck, in the vicinity of Herkimer and Breckenridge Street, on the West Side of Buffalo, New York.

7.    On or about May 22, 2009, defendant RITCHIE JUARBE a/k/a Ghost was with (now-deceased) Cheko's Crew/7[th] Street Gang member Anthony Colon a/k/a Ace, in the vicinity of Herkimer Street, on the West Side of Buffalo, New York, when defendant JUARBE was shot in the ankle by a rival 10th Street Gang member.

8.    On or about June 13, 2009, defendant LUIS MEDINA a/k/a Pote, while incarcerated at the Erie County Holding Center, utilized the jail telephone to solicit, and direct, others to retaliate against rival 10th Street Gang members for the shooting death of Cheko's Crew/7[th] Street Gang member Christian Portes a/k/a Hungy.

9.    On or about June 26, 2009, Cheko's Crew/7[th] Street Gang member Anthony Colon a/k/a Ace, was shot and killed by a rival 10th

17

Street Gang member in Buffalo, New York, and, shortly after the shooting, defendants EFRAIN HIDALGO a/k/a Cheko, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, and JORDAN HIDALGO, arrived at the location where Cheko's Crew/7th Street Gang member Anthony Colon a/k/a Ace, was shot and killed.

10.   Sometime after June 26, 2009, at the funeral of Cheko's Crew/7th Street Gang member Anthony Colon a/k/a Ace, defendants EFRAIN HIDALGO a/k/a Cheko and BRITTANY GROUND obtained a .22 caliber semi-automatic rifle from defendant DAVID TIRADO.

11.   On or about July 10, 2009, defendants EFRAIN HIDALGO a/k/a Cheko, KASIEM WILLIAMS, and RITCHIE JUARBE a/k/a Ghost, engaged in a high speed motor vehicle chase of rival 10th Street Gang member Edwin Rivera a/k/a Pun a/k/a Juni, on the West Side of Buffalo, New York.   During the chase, defendant EFRAIN HIDALGO directed defendant JUARBE to chase the victim, while defendant WILLIAMS discharged a firearm at rival 10th Street Gang member Edwin Rivera a/k/a Pun a/k/a Juni.

12.   On or before August 11, 2009, defendants EFRAIN HIDALGO a/k/a Cheko, UDA HIDALGO a/k/a Urayoan Ground, KASIEM WILLIAMS, JORDAN HIDALGO, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, JUAN TORRES a/k/a

Puchungo, RITCHIE JUARBE a/k/a Ghost, and others, agreed to kill rival 10th Street Gang members.

13.   On or before August 11, 2009, defendant UDA HIDALGO a/k/a Urayoan Ground used a saw to reduce the barrel length of a Savage Arms 12-gauge shotgun, Stevens Model 820B.

14.   On or about August 11, 2009, defendant KASIEM WILLIAMS observed rival 10th Street Gang members outside a residence on the corner of Auburn Street and West Avenue, Buffalo, New York, and thereafter, called defendant EFRAIN HIDALGO a/k/a Cheko to advise him that rival gang members were outside.

15.   On or about August 11, 2009, defendants EFRAIN HIDALGO a/k/a Cheko, JORDAN HIDALGO, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, KASIEM WILLIAMS, RITCHIE JUARBE a/k/a Ghost, UDA HIDALGO a/k/a Urayoan Ground, JUAN TORRES a/k/a Puchungo, and others, obtained firearms for the purpose of killing rival 10th Street Gang members who were outside the residence located on the corner of Auburn Street and West Avenue, Buffalo, New York.

16.   On or about August 11, 2009, at the direction of defendant EFRAIN HIDALGO a/k/a Cheko, defendant RITCHIE JUARBE a/k/a Ghost drove defendants ESTEBAN RAMOS-CRUZ a/k/a Rudolfo and

JORDAN HIDALGO, who were armed with a .22 caliber semi-automatic rifle and a sawed-off 12-gauge shotgun, to a location in the vicinity of Auburn Street and West Avenue, and dropped them off while defendants EFRAIN HIDALGO, KASIEM WILLIAMS, UDA HIDALGO a/k/a Urayoan Ground, and others, waited nearby.

17.   On or about August 11, 2009, defendant JUAN TORRES a/k/a Puchungo and another 7th Street Gang member whose identity is known to the Grand Jury rode bicycles to the vicinity of Auburn Street and West Avenue, Buffalo, New York, and observed rival 10th Street Gang members.

18.   On or about August 11, 2009, defendants ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, JORDAN HIDALGO, and JUAN TORRES a/k/a Puchungo, shot and killed rival 10th Street Gang member Eric Morrow on the corner of Auburn Street and West Avenue, Buffalo, New York.

19.   Sometime between August 11, 2009, and August 17, 2009, defendants SAMMY ORTIZ a/k/a Machito, EFRAIN HIDALGO a/k/a Cheko, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, and others, while armed with a firearm, drove past the corner of Auburn Street and West Avenue, Buffalo, New York, looking for rival 10th Street Gang members to shoot and kill.

20.  On or about August 17, 2009, defendants EFRAIN HIDALGO a/k/a Cheko, KASIEM WILLIAMS, SAMMY ORTIZ a/k/a Machito, Thomas Rodriguez, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, JORDAN HIDALGO, UDA HIDALGO a/k/a Urayoan Ground, RITCHIE JUARBE a/k/a Ghost, and others, were outside of 82 Virginia Street, Buffalo, New York, when they were shot at by rival 10th Street Gang members Tony Peebles, Saul Santana, and Cody Busch.

21.  On or about August 17, 2009, defendants EFRAIN HIDALGO a/k/a Cheko, SAMMY ORTIZ a/k/a Machito, and others, were present together at 427 Fargo Avenue, Buffalo, New York, when they were shot at by rival 10th Street Gang members Tony Peebles and Desmond Ford.

22.  On or about August 17, 2009, defendants EFRAIN HIDALGO a/k/a Cheko, JORDAN HIDALGO, RITCHIE JUARBE a/k/a Ghost, JOSEPH WHITELY a/k/a Joe Black, Thomas Rodriguez, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, and another unindicted individual, while trespassing inside a vacant upper apartment located at 82 Virginia Street, Buffalo, New York, possessed a bulletproof vest and firearms, including a sawed-off Savage Arms 12-gauge shotgun, Stevens Model 820B.

21

23.   Sometime between on or about August 11, 2009, and on or about August 17, 2009, defendant JUAN TORRES a/k/a Puchungo, and others, drove in a vehicle around the West Side of Buffalo, New York, looking for 10th Street Gang members to shoot and kill.

24.   On or about August 29, 2009, defendant KASIEM WILLIAMS, at the direction of defendant EFRAIN HIDALGO a/k/a Cheko, shot at rival 10th Street Gang member Edwin Rivera a/k/a Pun a/k/a Juni, in the vicinity of West Avenue and West Ferry Street, on the West Side of Buffalo, New York.

25.   On or about September 24, 2009, defendants KASIEM WILLIAMS and EFRAIN HIDALGO a/k/a Cheko, shot and attempted to murder rival 10th Street Gang member Saul Santana on West Avenue, on the West Side of Buffalo, New York.

26.   Beginning in or about August 2009, and continuing until on or about October 21, 2009, defendant EFRAIN HIDALGO a/k/a Cheko supplied heroin to defendants JORDAN HIDALGO and ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, and others, for distribution at 62 Spruce Road, Amherst, New York.

27.   On or about October 21, 2009, defendant JORDAN HIDALGO and others, possessed 33 bags of heroin, seven bags of marijuana, and packaging material at 62 Spruce Road, Amherst, New York.

28.   On or about November 5, 2009, defendants KASIEM WILLIAMS and EFRAIN HIDALGO a/k/a Cheko shot and attempted to murder victim W.M. on 7th Street, Buffalo, New York.

29.   On or about May 24, 2010, defendants KASIEM WILLIAMS and EFRAIN HIDALGO a/k/a Cheko shot at and attempted to murder rival gang member B.C. and, during the course of the shooting, shot victim M. B. in the vicinity of Maryland and Efner Streets, Buffalo, New York.

30.   On or about May 24, 2010, defendant BRITTANY GROUND drove defendants KASIEM WILLIAMS and EFRAIN HIDALGO a/k/a Cheko to and from the shooting of victim M.B. in the vicinity of Maryland and Efner Streets, Buffalo, New York.

31.   Sometime before June 5, 2010, defendant BRITTANY GROUND advised defendant EFRAIN HIDALGO a/k/a Cheko that rival drug dealer Virgil Page had placed a "hit" or offered to provide items of value to others in exchange for causing the death of Leslie Cunningham a/k/a Umar.

32.   On or before June 5, 2010, defendant EFRAIN HIDALGO a/k/a Cheko advised Leslie Cunningham, a/k/a Umar, that defendant EFRAIN HIDALGO and his crew would kill rival drug dealer Virgil Page in exchange for Leslie Cunningham a/k/a Umar agreeing to kill rival 10th Street Gang member Desmond Ford and/or a rival gang member identified as B.C.

33.   On or about June 5, 2010, defendants EFRAIN HIDALGO a/k/a Cheko and Leslie Cunningham a/k/a Umar, and others, helped defendant KASIEM WILLIAMS locate rival drug dealer Virgil Page on 19th Street in Buffalo, New York.

34.   On or about June 5, 2010, defendant KASIEM WILLIAMS shot and killed Virgil Page with a .380 caliber semi-automatic handgun in the vicinity of 41 19th Street, Buffalo, New York.

35.   On or about June 13, 2010, Leslie Cunningham a/k/a Umar, and others, under the direction and supervision of defendant EFRAIN HIDALGO a/k/a Cheko, proceeded to the vicinity of 224 Virginia Street, Buffalo, New York, while armed with a .380 caliber semi-automatic handgun in order to kill 10th Street Gang member Desmond Ford.

36.  On or about June 13, 2010, while armed with a .380 caliber semi-automatic handgun, Leslie Cunningham a/k/a Umar entered Musa's Party Express, located at 224 Virginia Street, Buffalo, New York, and shot 10th Street Gang associate Darnell McIntosh and, upon exiting the store, fired several rounds at 10th Street Gang member Desmond Ford, who was seated inside a sport utility vehicle parked outside the store.

37.  On or about July 8, 2010, defendant KASIEM WILLIAMS possessed a loaded .25 caliber Colt semi-automatic pistol, bearing serial number OD44784, and .25 caliber ammunition inside a red 1998 Mercury Villager, bearing New York registration EVT-8221.

38.  At various times within the time period of this Superseding Indictment, between 2008 and 2010, defendants CECILIO MEDINA a/k/a Kano, EFRAIN HIDALGO a/k/a Cheko, RITCHIE JUARBE a/k/a Ghost, JOSEPH WHITELY a/k/a Joe Black, and Thomas Rodriguez and others, stored and prepared heroin for distribution at 34 Chenango Street, Buffalo, New York.

39.  On or about January 6, 2011, defendants RITCHIE JUARBE a/k/a Ghost and DAVID TIRADO, and others, at the direction of defendant EFRAIN HIDALGO a/k/a Cheko, proceeded to a residence

located at 39 Montclair Avenue, Buffalo, New York, to forcibly steal controlled substances and/or United States currency.

40.  Beginning on a date unknown, and continuing until on or about January 25, 2011, defendants RITCHIE JUARBE a/k/a Ghost, EFRAIN HIDALGO a/k/a Cheko, and Thomas Rodriguez, possessed firearms, stored heroin, packaged heroin for distribution, and distributed heroin from a residence located at 297 West Utica Street, upper garage apartment, Buffalo, New York.

41.  On or about January 25, 2011, defendants RITCHIE JUARBE a/k/a Ghost, EFRAIN HIDALGO a/k/a Cheko, and Thomas Rodriguez, possessed a grinder with heroin residue, 13 boxes of .223 caliber ammuition and seven loose rounds of .223 caliber ammunition, a live .22 caliber round of ammunition, a live .357 round of ammunition, a .22 caliber semi-automatic rifle with a sawed-off stock, two live rounds of .32 caliber ammunition, a rent reminder note to "Richie and Tom," a Winchester .30 caliber rifle, a digital scale with heroin residue, and a New York State birth certificate for defendant EFRAIN HIDALGO, at a residence located at 297 West Utica Street, upper garage apartment, Buffalo, New York.

42. At various times within the time period of this Superseding Indictment, defendants EFRAIN HIDALGO a/k/a Cheko,

RITCHIE JUARBE a/k/a Ghost, JOSEPH WHITELY a/k/a Joe Black, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, JORDAN HIDALGO, and Thomas Rodriguez and others, stored heroin and firearms at 82 Virginia Street, Buffalo, New York.

43.   At various times between in or about August 2009, and continuing until in or about November 2009, defendants EFRAIN HIDALGO a/k/a Cheko, RITCHIE JUARBE a/k/a Ghost, JOSEPH WHITELY a/k/a Joe Black, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, JORDAN HIDALGO, KASIEM WILLIAMS, and Thomas Rodriguez and others, stored firearms, heroin, and prepared heroin for distribution at 216 Schiller Street, upper apartment, Buffalo, New York.

44.   At various times within the time period of this Superseding Indictment, defendants EFRAIN HIDALGO a/k/a Cheko, UDA HIDALGO a/k/a Urayoan Ground, and others, stored heroin and distributed heroin from 302 Busti Avenue, Buffalo, New York.

45.   In or about 2008, defendant JUAN TORRES a/k/a Puchungo possessed with intent to distribute and distributed heroin in the territory controlled by the Cheko's Crew/7[th] Street Gang enterprise.

46.  In or about 2008, defendant JUAN TORRES a/k/a Puchungo recruited individuals to sell heroin in the vicinity of 7th Street, and recruited those individuals to join the 7th Street Gang.

47.  At various times within the time period of this Superseding Indictment, between in or about 2009, and continuing until in or about 2010, defendant EFRAIN HIDALGO a/k/a Cheko, and others, stored, prepared for distribution, and distributed heroin at 911 Niagara Street, lower apartment, Buffalo, New York.

48.  At various times within the time period of this Superseding Indictment, between in or about 2009 and continuing until in or about 2010, defendant EFRAIN HIDALGO, and others, stored, prepared for distribution, and distributed heroin at 118 Massachusetts Street, upper apartment, Buffalo, New York.

49.  At various times within the time period of this Superseding Indictment, between in or about 2008, and continuing until in or about 2010, defendants EFRAIN HIDALGO a/k/a Cheko, RITCHIE JUARBE a/k/a Ghost, JOSEPH WHITELY a/k/a Joe Black, and others, stored and prepared heroin for distribution at 34 Chenango Street, Buffalo, New York.

50.   At various times within the time period of this Superseding Indictment, defendant EFRAIN HIDALGO a/k/a Cheko, and others, stored and prepared heroin for distribution at various hotels, in Amherst, New York, and in Buffalo, New York.

51.   At various times within the time period of this Superseding Indictment, defendants EFRAIN HIDALGO a/k/a Cheko, JOSEPH WHITELY a/k/a Joe Black, and Alejandro Navarro-Gonzalez and others, traveled to Chicago, Illinois, to obtain bulk quantities of heroin for re-distribution in Buffalo, New York.

52.   At various times within the time period of this Superseding Indictment, defendant EFRAIN HIDALGO a/k/a Cheko, and others, traveled to Philadelphia, Pennsylvania, to obtain bulk quantities of heroin for re-distribution in Buffalo, New York.

53.   At various times within the time period of this Superseding Indictment, defendant SAMMY ORTIZ a/k/a Machito possessed with intent to distribute and distributed cocaine in the territory controlled by the Cheko's Crew/7th Street Gang enterprise.

54.   At various times within the time period of this Superseding Indictment, defendant LUIS MEDINA a/k/a Pote possessed

with intent to distribute and distributed heroin in the territory controlled by the Cheko's Crew/7th Street Gang enterprise.

55. At various times within the time period of this Superseding Indictment, defendant LUIS MEDINA a/k/a Pote possessed firearms in the territory controlled by the Cheko's Crew/7th Street Gang enterprise.

56. At various times within the time period of this Superseding Indictment, defendant CARMEN GETER utilized her motor vehicle to transport defendants EFAIN HIDALGO a/k/a Cheko, RITCHIE JUARBE a/k/a Ghost, and ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, to obtain firearms in exchange for U.S. currency provided to her by defendant EFRAIN HIDALGO.

57. On or about March 20, 2012, defendant SAMMY ORTIZ a/k/a Machito sold a quantity of cocaine to an individual known to the Grand Jury.

58. On or about March 21, 2012, defendant LUIS MEDINA a/k/a Pote sold a quantity of heroin to an individual known to the Grand Jury.

59.   On or about March 30, 2012, defendant LUIS MEDINA a/k/a Pote sold a quantity of heroin to an individual known to the Grand Jury.

60.   On or about April 6, 2012, defendant SAMMY ORTIZ a/k/a Machito sold a quantity of cocaine to an individual known to the Grand Jury.

**NOTICE OF SPECIAL SENTENCING FACTORS REGARDING COUNT 1**

1.   On or about August 11, 2009, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko, KASIEM WILLIAMS, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, JORDAN HIDALGO, UDA HIDALGO a/k/a Urayoan Ground, RITCHIE JUARBE a/k/a Ghost, and JUAN TORRES a/k/a Puchungo, together with others, with intent to cause the death of another person, did intentionally and unlawfully cause the death of Eric Morrow, in violation of New York Penal Law Sections 125.25(1) and 20.

2.   On or about June 5, 2010, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko and KASIEM WILLIAMS, together with others, with intent to cause the death of another person, did intentionally and unlawfully cause the death of

Virgil Page, in violation of New York Penal Law Sections 125.25(1) and 20.

**All in violation of Title 18, United States Code, Section 1962(d).**


### COUNT 2

**(Attempted Murder of Edwin Rivera in Aid of Racketeering)**

**The Grand Jury Further Charges That:**


1.     At all times relevant to this Superseding Indictment, the Cheko's Crew/7th Street Gang enterprise, as more fully described in Paragraphs 1 through 17 of the Introduction to this Superseding Indictment, which are realleged and incorporated by reference as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.


2.     At all times relevant to this Superseding Indictment, the above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United

States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, in violation of New York Penal Law Sections 125.25(1), 110, 105.15, 20, and narcotics trafficking, in violation of Title 21 United States Code, Sections 841, 856(a)(1), 846, and acts indictable under Title 18, United States Code, Section 1512 (witness tampering).

3.   On or about July 10, 2009, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko, KASIEM WILLIAMS, and RITCHIE JUARBE a/k/a Ghost, for the purpose of maintaining and increasing position within the enterprise, an enterprise engaged in racketeering activity, did unlawfully attempt to murder 10th Street Gang member Edwin Rivera a/k/a Pun a/k/a Juni, in violation of New York Penal Law Sections 125.25(1), 110 and 20.

**All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.**

## COUNT 3

**(Possession and Discharge of Firearm in Furtherance of Crime of Violence)**

**The Grand Jury Further Charges That:**

On or about July 10, 2009, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko, KASIEM WILLIAMS,

and RITCHIE JUARBE a/k/a Ghost, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1959(a)(5), committed in the manner set forth in Count 2 of this Superseding Indictment, the allegations of which are incorporated herein by reference, did knowingly and unlawfully use, carry and discharge, and in furtherance of such crime, did knowingly and willfully possess and discharge, a firearm.

**All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.**

## COUNT 4

**(Murder of Eric Morrow in Aid of Racketeering)**

**The Grand Jury Further Charges That:**

1.   Paragraphs 1 and 2 of Count 2 of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein.

2.   On or about August 11, 2009, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko, KASIEM WILLIAMS, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, JUAN TORRES a/k/a Puchungo, JORDAN HIDALGO, UDA HIDALGO a/k/a Urayoan Ground, and RITCHIE JUARBE a/k/a Ghost, together with others, for the purpose

of maintaining and increasing position within the enterprise, an enterprise engaged in racketeering activity, did unlawfully murder 10th Street Gang member Eric Morrow, in violation of New York Penal Law Sections 125.25(1) and 20.

**All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.**

## COUNT 5

**(Possession and Discharge of Firearm in Furtherance of Crime of Violence)**

**The Grand Jury Further Charges That:**

On or about August 11, 2009, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko, KASIEM WILLIAMS, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, JUAN TORRES a/k/a Puchungo, JORDAN HIDALGO, UDA HIDALGO a/k/a Urayoan Ground, and RITCHIE JUARBE a/k/a Ghost, together and with others, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1959(a)(1), committed in the manner set forth in Count 4 of this Superseding Indictment, the allegations of which are incorporated herein by reference, did knowingly and unlawfully use, carry and discharge, and in furtherance of such crime, did knowingly and unlawfully possess and discharge, a

firearm, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii), and that in the course of this violation, the defendants, EFRAIN HIDALGO a/k/a Cheko, KASIEM WILLIAMS, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, JUAN TORRES a/k/a Puchungo, JORDAN HIDALGO, UDA HIDALGO a/k/a Urayoan Ground, and RITCHIE JUARBE a/k/a Ghost, caused the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did willfully, deliberately, maliciously, and with premeditation kill Eric Morrow, by shooting him with a firearm.

**All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(j) and 2.**

## COUNT 6

**(Attempted Murder of Edwin Rivera in Aid of Racketeering)**

**The Grand Jury Further Charges That:**

1.  Paragraphs 1 and 2 of Count 2 of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein.

2.  On or about August 29, 2009, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko and KASIEM WILLIAMS, together with others, for the purpose of maintaining and

increasing position within the enterprise, an enterprise engaged in racketeering activity, did unlawfully attempt to murder 10th Street Gang member Edwin Rivera a/k/a Pun a/k/a Juni, in violation of New York Penal Law Sections 125.25(1), 110 and 20.

**All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.**


## COUNT 7

**(Possession and Discharge of Firearm in Furtherance of Crime of Violence)**

**The Grand Jury Further Charges That:**


On or about August 29, 2009, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko and KASIEM WILLIAMS, together with others, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1959(a)(5), committed in the manner set forth in Count 6 of this Superseding Indictment, the allegations of which are incorporated herein by reference, did knowingly and unlawfully use, carry and discharge, and in furtherance of such crime, did knowingly and willfully possess and discharge, a firearm.

**All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.**

37

## COUNT 8

**(Assault with a Dangerous Weapon in Aid of Racketeering)**

**The Grand Jury Further Charges That:**

1.    Paragraphs 1 and 2 of Count 2 of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein.

2.    On or about September 24, 2009, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko and KASIEM WILLIAMS, together with others, for the purpose of maintaining and increasing position within the enterprise, an enterprise engaged in racketeering activity, did unlawfully assault with a dangerous weapon Saul Santana, in violation of New York State Penal Law Sections 120.05(2) and 20.

**All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.**

## COUNT 9

**(Attempted Murder of Saul Santana in Aid of Racketeering)**

**The Grand Jury Further Charges That:**

1.    Paragraphs 1 and 2 of Count 2 of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein.

2.    On or about September 24, 2009, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko and KASIEM WILLIAMS, together with others, for the purpose of maintaining and increasing position within the enterprise, an enterprise engaged in racketeering activity, did unlawfully attempt to murder Saul Santana, in violation of New York Penal Law Sections 125.25(1), 110 and 20.

**All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.**

## COUNT 10

**(Possession and Discharge of Firearm in
Furtherance of Crimes of Violence)**

**The Grand Jury Further Charges That:**


On or about September 24, 2009, in the Western District of New York, the defendant, EFRAIN HIDALGO a/k/a Cheko and KASIEM WILLIAMS, together with others, during and in relation to crimes of violence for which they may be prosecuted in a court of the United States, that is, violations of Title 18, United States Code, Sections 1959(a)(3) and 1959(a)(5), committed in the manner set forth in Counts 8 and 9 of this Superseding Indictment, the allegations of which are incorporated herein by reference, did knowingly and unlawfully use, carry and discharge, and in furtherance of such crimes, did knowingly and willfully possess and discharge, a firearm.

**All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.**

40

## COUNT 11

**(Assault with a Dangerous Weapon of W.M. in Aid of Racketeering)**

**The Grand Jury Further Charges That:**

1.   Paragraphs 1 and 2 of Count 2 of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein.

2.   On or about November 5, 2009, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko and KASIEM WILLIAMS, together with others, for the purpose of maintaining and increasing position within the enterprise, an enterprise engaged in racketeering activity, did unlawfully assault with a dangerous weapon victim W.M., in violation of New York State Penal Law Sections 120.05(2) and 20.

**All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.**

41

## COUNT 12

**(Attempted Murder of W.M. in Aid of Racketeering)**

**The Grand Jury Further Charges That:**


1.   Paragraphs 1 and 2 of Count 2 of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein.


2.   On or about November 5, 2009, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko and KASIEM WILLIAMS, together with others, for the purpose of maintaining and increasing position within the enterprise, an enterprise engaged in racketeering activity, did unlawfully attempt to murder W.M., in violation of New York Penal Law Sections 125.25(1), 110 and 20.

**All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.**


## COUNT 13

**(Possession and Discharge of Firearm in
Furtherance of Crimes of Violence)**

**The Grand Jury Further Charges That:**


On or about November 5, 2009, in the Western District of New York, the defendant, EFRAIN HIDALGO a/k/a Cheko and KASIEM

WILLIAMS, together with others, during and in relation to crimes of violence for which they may be prosecuted in a court of the United States, that is, violations of Title 18, United States Code, Sections 1959(a)(3) and 1959(a)(5), committed in the manner set forth in Counts 11 and 12 of this Superseding Indictment, the allegations of which are incorporated herein by reference, did knowingly and unlawfully use, carry and discharge, and in furtherance of such crimes, did knowingly and willfully possess and discharge, firearms.

**All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.**

### COUNT 14

**(Attempted Murder of B.C. in Aid of Racketeering)**

**The Grand Jury Further Charges That:**

1.    Paragraphs 1 and 2 of Count 2 of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein.

2.    On or about May 24, 2010, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko, KASIEM WILLIAMS, and BRITTANY GROUND, together with others, for the purpose of maintaining and increasing position within the enterprise, an

enterprise engaged in racketeering activity, did unlawfully attempt to murder B.C., in violation of New York Penal Law Sections 125.25(1), 110 and 20.

**All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.**

## COUNT 15

**(Assault with a Dangerous Weapon of M.B. in Aid of Racketeering)**

**The Grand Jury Further Charges That:**

1.    Paragraphs 1 and 2 of Count 2 of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein.

2.    On or about May 24, 2010, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko, KASIEM WILLIAMS, and BRITTANY GROUND, together with others, for the purpose of maintaining and increasing position within the enterprise, an enterprise engaged in racketeering activity, did unlawfully assault with a dangerous weapon victim M.B., in violation of New York State Penal Law Sections 120.05(2) and 20.

**All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.**

## COUNT 16

**(Possession and Discharge of Firearm in
Furtherance of Crimes of Violence)**

**The Grand Jury Further Charges That:**


On or about May 24, 2010, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko, KASIEM WILLIAMS, and BRITTANY GROUND, together with others, during and in relation to crimes of violence for which they may be prosecuted in a court of the United States, that is, violations of Title 18, United States Code, Sections 1959(a)(3) and 1959(a)(5), committed in the manner set forth in Counts 14 and 15 of this Superseding Indictment, the allegations of which are incorporated herein by reference, did knowingly and unlawfully use, carry and discharge, and in furtherance of such crimes, did knowingly and willfully possess and discharge, firearms.

**All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.**

## COUNT 17

**(Murder of Virgil Page in Aid of Racketeering)**

**The Grand Jury Further Charges That:**

1.    Paragraphs 1 and 2 of Count 2 of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein.

2.    On or about June 5, 2010, in the Western District of New York, the defendant, EFRAIN HIDALGO a/k/a Cheko, together with others, for the purpose of maintaining and increasing position within the enterprise, an enterprise engaged in racketeering activity, did unlawfully murder Virgil Page, in violation of New York Penal Law Sections 125.25(1) and 20.

**All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.**

## COUNT 18

**(Possession and Discharge of Firearm in Furtherance of Crime of Violence)**

**The Grand Jury Further Charges That:**

On or about June 5, 2010, in the Western District of New York, the defendant, EFRAIN HIDALGO a/k/a Cheko, together with others,

during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1959(a)(1), committed in the manner as set forth in Count 17 of this Superseding Indictment, the allegations of which are incorporated herein by reference, did knowingly and unlawfully use, carry and discharge, and in furtherance of such crime, did knowingly and unlawfully possess and discharge, a firearm, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii), and that in the course of this violation, the defendant, EFRAIN HIDALGO a/k/a Cheko, together with others, caused the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, with malice aforethought, did willfully, deliberately, maliciously, and with premeditation kill Virgil Page, by shooting him with a firearm.

**All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(j) and 2.**

<u>**COUNT 19**</u>

**(Attempted Murder of Desmond Ford in Aid of Racketeering)**

**The Grand Jury Further Charges That:**

1.   Paragraphs 1 and 2 of Count 2 of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein.

2.   On or about June 13, 2010, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko and LESLIE CUNNINGHAM a/k/a Umar, together with others, for the purpose of maintaining and increasing position within the enterprise, an enterprise engaged in racketeering activity, did unlawfully attempt to murder Desmond Ford, in violation of New York Penal Law Sections 125.25(1), 110 and 20.

**All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.**

## COUNT 20

**(Assault with a Dangerous Weapon of D.M. in Aid of Racketeering)**

**The Grand Jury Further Charges That:**

1.    Paragraphs 1 and 2 of Count 2 of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein.

2.    On or about June 13, 2010, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko and LESLIE CUNNINGHAM a/k/a Umar, together with others, for the purpose of maintaining and increasing position within the enterprise, an enterprise engaged in racketeering activity, did unlawfully assault with a dangerous weapon victim D.M., in violation of New York State Penal Law Sections 120.05(2) and 20.

**All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.**

49

## COUNT 21

**(Attempted Murder of D.M. in Aid of Racketeering)**

**The Grand Jury Further Charges That:**

1.    Paragraphs 1 and 2 of Count 2 of this Superseding Indictment are realleged and incorporated by reference as though set forth fully herein.

2.    On or about June 13, 2010, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko and LESLIE CUNNINGHAM a/k/a Umar, together with others, for the purpose of maintaining and increasing position within the enterprise, an enterprise engaged in racketeering activity, did unlawfully attempt to murder D.M., in violation of New York Penal Law Sections 125.25(1), 110 and 20.

**All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.**

## COUNT 22

**(Possession and Discharge of Firearm in
Furtherance of Crimes of Violence)**

**The Grand Jury Further Charges That:**

On or about June 13, 2010, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko and LESLIE CUNNINGHAM a/k/a Umar, together with others, during and in relation to crimes of violence for which they may be prosecuted in a court of the United States, that is, violations of Title 18, United States Code, Sections 1959(a)(3) and 1959(a)(5), committed in the manner set forth in Counts 19, 20, and 21 of this Superseding Indictment, the allegations of which are incorporated herein by reference, did knowingly and unlawfully use, carry and discharge, and in furtherance of such crimes, did knowingly and willfully possess and discharge, a firearm.

**All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.**

## COUNT 23

**(Hobbs Act Robbery)**

**The Grand Jury Further Charges That:**

On or about January 6, 2011, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko, JORDAN HIDALGO, and DAVID TIRADO, did knowingly, willfully and unlawfully combine, conspire and agree, together with others, known and unknown, to obstruct, delay and affect, and to attempt to obstruct, delay and affect, commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in commerce, in particular, by the robbery and extortion of assets, including controlled substances and money, from individuals residing at 39 Montclair Avenue, Buffalo, New York, individuals engaged in the unlawful possession and distribution of controlled substances, including heroin.

**All in violation of Title 18, United States Code, Sections 1951 and 2.**

## COUNT 24

### (Narcotics Conspiracy)

### The Grand Jury Further Charges That:

Beginning in or before 2000, and continuing to in or about 2012, the exact dates being unknown to the Grand Jury, in the Western District of New York, and elsewhere, the defendants, EFRAIN HIDALGO a/k/a Cheko, THOMAS RODRIGUEZ, KASIEM WILLIAMS, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, JORDAN HIDALGO, JUAN TORRES a/k/a Puchungo, SAMMY ORTIZ a/k/a Machito, JASON DRYZMALA a/k/a Drizz, JOSEPH WHITELY a/k/a Joe Black, UDA HIDALGO a/k/a Urayaon Ground, RITCHIE JUARBE a/k/a Ghost, CECILIO MEDINA a/k/a Kano, BRITTANY GROUND, CARMEN GETER, ALEJANDRO NAVARRO-GONZALEZ a/k/a Matatan, LUIS MEDINA a/k/a Pote, and DAVID TIRADO, did knowingly, willfully and unlawfully combine, conspire and agree together and with others, known and unknown to the Grand Jury, to commit the following offenses, that is, to possess with intent to distribute, and to distribute, 100 grams or more of a mixture and substance containing heroin, a Schedule I controlled substance, quantities of a mixture and substance containing cocaine, a Schedule II controlled substance, and quantities of a mixture and substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841 (b)(1)(C).

**All in violation of Title 21, United State Code, Section 846.**

## COUNT 25

**(Possession of Firearms in Furtherance
of a Drug Trafficking Crime)**

**The Grand Jury Further Charges That:**

Beginning in or before 2000, and continuing to in or about 2012, the exact dates being unknown to the Grand Jury, in the Western District of New York, and elsewhere, the defendants, EFRAIN HIDALGO a/k/a Cheko, THOMAS RODRIGUEZ, KASIEM WILLIAMS, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, JORDAN HIDALGO, JUAN TORRES a/k/a Puchungo, SAMMY ORTIZ a/k/a Machito, JASON DRYZMALA a/k/a Drizz, JOSEPH WHITELY a/k/a Joe Black, UDA HIDALGO a/k/a Urayaon Ground, RITCHIE JUARBE a/k/a Ghost, CECILIO MEDINA a/k/a Kano, BRITTANY GROUND, CARMEN GETER, ALEJANDRO NAVARRO-GONZALEZ a/k/a Matatan, LUIS MEDINA a/k/a Pote, and DAVID TIRADO, in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 846, as set forth in Count 24 of this Superseding Indictment, the allegations of which are incorporated herein by reference, did knowingly and unlawfully possess firearms.

**All in violation of Title 18, United States Code, Sections 924(c)(1) and 2.**

54

<u>**COUNT 26**</u>

**(Distribution of Cocaine)**

**The Grand Jury Further Charges That:**


On or about March 20, 2012, in the Western District of New York, the defendant, SAMMY ORTIZ a/k/a Machito, did knowingly, intentionally and unlawfully possess with intent to distribute, and distribute, a quantity of a mixture and substance containing cocaine, a Schedule II controlled substance.

**All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).**


<u>**COUNT 27**</u>

**(Distribution of Heroin)**

**The Grand Jury Further Charges That:**


On or about March 21, 2012, in the Western District of New York, the defendant, LUIS MEDINA a/k/a Pote, did knowingly, intentionally and unlawfully possess with intent to distribute, and distribute, a quantity of a mixture and substance containing heroin, a Schedule I controlled substance.

**All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).**

## COUNT 28

**(Distribution of Heroin)**

**The Grand Jury Further Charges That:**


On or about March 30, 2012, in the Western District of New York, the defendant, LUIS MEDINA a/k/a Pote, did knowingly, intentionally and unlawfully possess with intent to distribute, and distribute, a quantity of a mixture and substance containing heroin, a Schedule I controlled substance.

**All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).**


## COUNT 29

**(Distribution of Cocaine)**

**The Grand Jury Further Charges That:**


On or about April 6, 2012, in the Western District of New York, the defendant, SAMMY ORTIZ a/k/a Machito, did knowingly, intentionally and unlawfully possess with intent to distribute, and distribute, a quantity of a mixture and substance containing cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 30

**(Using and Maintaining Premises for Drug Dealing)**

**The Grand Jury Further Charges That:**

Beginning in or about August 2009, and continuing to on or about October 21, 2009, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, and JORDAN HIDALGO, together with others, did knowingly, intentionally and unlawfully use and maintain a place, that is, the premises located at 62 Spruce Road, Amherst, New York, for the purpose of manufacturing, distributing and using heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(1), and Title 18, United States Code, Section 2.

## COUNT 31

**(Using and Maintaining Premises for Drug Dealing)**

**The Grand Jury Further Charges That:**


Beginning on a date unknown and continuing to on or about January 25, 2011, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko and RITCHIE JUARBE a/k/a Ghost, together with others, did knowingly, intentionally and unlawfully use and maintain a place, that is, the premises located at 297 West Utica Street, upper right garage apartment, Buffalo, New York, for the purpose of manufacturing, distributing and using heroin, a Schedule I controlled substance.

**All in violation of Title 21, United States Code, Section 856(a)(1), and Title 18, United States Code, Section 2.**


## COUNT 32

**(Using and Maintaining Premises for Drug Dealing)**

**The Grand Jury Further Charges That:**


Beginning in or about 2009 and continuing until in or about 2010, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko, RITCHIE JUARBE a/k/a Ghost, and CECILIO MEDINA a/k/a Kano, together with others, did knowingly, intentionally and unlawfully use and maintain a place, that is, the premises located

at 34 Chenango Street, Buffalo, New York, for the purpose of manufacturing, distributing and using heroin, a Schedule I controlled substance.

**All in violation of Title 21, United States Code, Section 856(a)(1), and Title 18, United States Code, Section 2.**


## COUNT 33

**(Using and Maintaining Premises for Drug Dealing)**

**The Grand Jury Further Charges That:**


Beginning on a date unknown and continuing until in or about November 2009, in the Western District of New York, the defendants, EFRAIN HIDALGO a/k/a Cheko, RITCHIE JUARBE a/k/a Ghost, KASIEM WILLIAMS, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, JASON DRYZMALA a/k/a Drizz, and JORDAN HIDALGO, together with others, did knowingly, intentionally and unlawfully use and maintain a place, that is, the premises located at 216 Schiller Street, upper apartment, Buffalo, New York, for the purpose of manufacturing, distributing and using heroin, a Schedule I controlled substance.

**All in violation of Title 21, United States Code, Section 856(a)(1), and Title 18, United States Code, Section 2.**

## COUNT 34

**(Using and Maintaining Premises for Drug Dealing)**

**The Grand Jury Further Charges That:**

Beginning in or about 2009 and continuing until in or about 2010, in the Western District of New York, the defendant, EFRAIN HIDALGO a/k/a Cheko, together with others, did knowingly, intentionally and unlawfully use and maintain a place, that is, the premises located at 911 Niagara Street, lower apartment, Buffalo, New York, for the purpose of manufacturing, distributing and using heroin, a Schedule I controlled substance.

**All in violation of Title 21, United States Code, Section 856(a)(1), and Title 18, United States Code, Section 2.**

## COUNT 35

**(Using and Maintaining Premises for Drug Dealing)**

**The Grand Jury Further Charges That:**

Beginning on a date unknown and continuing until in or about 2010, in the Western District of New York, the defendant, EFRAIN HIDALGO a/k/a Cheko, together with others, did knowingly, intentionally and unlawfully use and maintain a place, that is, the premises located at 118 Massachusetts Street, upper apartment,

Buffalo, New York, for the purpose of manufacturing, distributing and using heroin, a Schedule I controlled substance.

**All in violation of Title 21, United States Code, Section 856(a)(1), and Title 18, United States Code, Section 2.**


## COUNT 36

**(Using and Maintaining Premises for Drug Dealing)**

**The Grand Jury Further Charges That:**


Beginning on a date unknown and continuing until in or about 2010, in the Western District of New York, the defendant, EFRAIN HIDALGO a/k/a Cheko, together with others, did knowingly, intentionally and unlawfully use and maintain a place, that is, the premises located at 82 Virginia Street, upper apartment, Buffalo, New York, for the purpose of manufacturing, distributing and using heroin, a Schedule I controlled substance.

**All in violation of Title 21, United States Code, Section 856(a)(1), and Title 18, United States Code, Section 2.**

## FORFEITURE ALLEGATION

### The Grand Jury Alleges That:

Upon conviction of the offenses set forth in Counts 1 through 36 of the Indictment, the defendants, EFRAIN HIDALGO a/k/a Cheko, THOMAS RODRIGUEZ, KASIEM WILLIAMS, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo, JORDAN HIDALGO, JUAN TORRES a/k/a Puchungo, SAMMY ORTIZ a/k/a Machito, JASON DRYZMALA a/k/a Drizz, JOSEPH WHITELY a/k/a Joe Black, UDA HIDALGO a/k/a Urayaon Ground, RITCHIE JUARBE a/k/a Ghost, CECILIO MEDINA a/k/a Kano, BRITTANY GROUND, CARMEN GETER, ALEJANDRO NAVARRO-GONZALEZ a/k/a Matatan, LUIS MEDINA a/k/a Pote, LESLIE CUNNINGHAM a/k/a Umar, and DAVID TIRADO, shall forfeit to the United States any firearms and ammunition involved or used in the commission of the offense, or found in the possession or under immediate control of the defendant at the time of arrest including, but not limited to:

a.  thirteen (13) boxes of Wolf .223 caliber ammunition and seven (7) loose rounds of .223 ammunition;

b.  one (1) round of .22 caliber ammunition;

c.  one (1) .22 caliber Savage Arms rifle, bearing serial number 0185402;

d.  one (1) .357 round of ammunition and two (2) .32 caliber rounds of ammunition;

e.  one (1) Winchester 1894 .30 caliber rifle, bearing serial number 769959; and

f.    one (1) Savage Arms 12-gauge shotgun.

**All in accordance with Title 18, United States Code, Sections 924(d)(1) and 3665, and Title 28, United States Code, Section 2461(c).**

## NOTICE OF SPECIAL FINDINGS FOR EFRAIN HIDALGO a/k/a Cheko

### (Counts 4 and 5)

1.    The allegations of Counts 4 and 5 of this Indictment are hereby realleged as if fully set forth herein and incorporated by reference.

2.    As to Counts 4 and 5 of this Indictment, the defendant, EFRAIN HIDALGO a/k/a Cheko:

        a.    was 18 years of age or older at the time of the offense(s) (Title 18, United States Code, Section 3591(a));

        b.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Eric Morrow, died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

        c.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offenses, such that participation in the act constituted a reckless disregard for human life and the victim, Eric

Morrow, died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

d. in the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)); and

e. committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

**Pursuant to Title 18, United States Code, Sections 3591 and 3592.**

**NOTICE OF SPECIAL FINDINGS FOR EFRAIN HIDALGO a/k/a Cheko**

**(Counts 17 and 18)**

1. The allegations of Counts 17 and 18 of this Indictment are hereby realleged as if fully set forth herein and incorporated by reference.

2. As to Counts 17 and 18 of this Indictment, the defendant, EFRAIN HIDALGO a/k/a Cheko:

a. was 18 years of age or older at the time of the offense(s) (Title 18, United States Code, Section 3591(a));

b. intentionally participated in an act, contemplating that the life of a person would be

64

taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Virgil Page, died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offenses, such that participation in the act constituted a reckless disregard for human life and the victim, Virgil Page, died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

d.   in the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)); and

e.   committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

**Pursuant to Title 18, United States Code, Sections 3591 and 3592.**

## NOTICE OF SPECIAL FINDINGS FOR KASIEM WILLIAMS

### (Counts 4 and 5)

1.   The allegations of Counts 4 and 5 of this Indictment are hereby realleged as if fully set forth herein and incorporated by reference.

2.   As to Counts 4 and 5 of this Indictment, the defendant, KASIEM WILLIAMS:

> a.   was 18 years of age or older at the time of the offense(s) (Title 18, United States Code, Section 3591(a));
>
> b.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Eric Morrow, died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));
>
> c.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, Eric Morrow, died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));
>
> d.   in the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)); and
>
> e.   committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

**Pursuant to Title 18, United States Code, Sections 3591 and 3592.**

## NOTICE OF SPECIAL FINDINGS FOR ESTEBAN RAMOS-CRUZ a/k/a Rudolfo

### (Counts 4 and 5)

1.    The allegations of Counts 4 and 5 of this Indictment are hereby realleged as if fully set forth herein and incorporated by reference.

2.    As to Counts 4 and 5 of this Indictment, the defendant, ESTEBAN RAMOS-CRUZ a/k/a Rudolfo:

> a.   was 18 years of age or older at the time of the offense(s) (Title 18, United States Code, Section 3591(a));
>
> b.   intentionally killed the victim, Eric Morrow (Title 18, United States Code, Section 3591(a)(2)(A));
>
> c.   intentionally inflicted serious bodily injury that resulted in the death of the victim, Eric Morrow (Title 18, United States Code, Section 3591(a)(2)(B));
>
> d.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Eric Morrow, died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));
>
> e.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, Eric Morrow, died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

       f.   in the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)); and

       g.   committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

**Pursuant to Title 18, United States Code, Sections 3591 and 3592.**

## NOTICE OF SPECIAL FINDINGS FOR JORDAN HIDALGO

### (Counts 4 and 5)

1.    The allegations of Counts 4 and 5 of this Indictment are hereby realleged as if fully set forth herein and incorporated by reference.

2.    As to Counts 4 and 5 of this Indictment, the defendant, JORDAN HIDALGO:

       a.   was 18 years of age or older at the time of the offense(s) (Title 18, United States Code, Section 3591(a));

       b.   intentionally killed the victim, Eric Morrow (Title 18, United States Code, Section 3591(a)(2)(A));

c.   intentionally inflicted serious bodily injury that resulted in the death of the victim, Eric Morrow (Title 18, United States Code, Section 3591(a)(2)(B));

d.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Eric Morrow, died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, Eric Morrow, died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f.   in the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)); and

g.   committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).


**Pursuant to Title 18, United States Code, Sections 3591 and 3592.**

## NOTICE OF SPECIAL FINDINGS FOR RITCHIE JUARBE a/k/a Ghost

### (Counts 4 and 5)

1.   The allegations of Counts 4 and 5 of this Indictment are hereby realleged as if fully set forth herein and incorporated by reference.

2.   As to Counts 4 and 5 of this Indictment, the defendant, RITCHIE JUARBE a/k/a Ghost:

> a.   was 18 years of age or older at the time of the offense(s) (Title 18, United States Code, Section 3591(a));
>
> b.   intentionally killed the victim, Eric Morrow (Title 18, United States Code, Section 3591(a)(2)(A));
>
> c.   intentionally inflicted serious bodily injury that resulted in the death of the victim, Eric Morrow (Title 18, United States Code, Section 3591(a)(2)(B));
>
> d.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Eric Morrow, died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));
>
> e.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, Eric Morrow, died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

70

f.   in the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)); and

g.   committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

**Pursuant to Title 18, United States Code, Sections 3591 and 3592.**

DATED:   Buffalo, New York, May 24, 2012.

WILLIAM J. HOCHUL, JR.
United States Attorney


S/JOSEPH M. TRIPI
BY:   JOSEPH M. TRIPI
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5700, ext. 839
joseph.tripi@usdoj.gov


A TRUE BILL:


S/FOREPERSON
FOREPERSON